## MATLOCK ET AL. *v.* THE STATE.

TURNPIKE.—*Failure to Repair.*—*Criminal Law.*—An indictment will not lie against the directors of a turnpike company for a nuisance in failing to repair their road by building a new bridge in the place of one that has been swept away by a flood.

From the Rush Circuit Court.

*L. Sexton,* for appellants.

*C. A. Buskirk,* Attorney General, *O. B. Scobey,* Prosecuting Attorney, and *J. S. Scobey,* for the State.

PETTIT, J.—This was an indictment against the appellants, as directors of a gravel road company organized under the act of May 12th, 1852, 1 G. & H. 474, for a nuisance in not repairing said road by building a new bridge in the place of one that had been swept away by a flood.

A motion to quash was overruled, and the question of the sufficiency of the indictment is properly before us.

The view we take of the case renders it unnecessary to notice the alleged defects and want of averments in the indictment, for we hold that no indictment can be maintained in such case; or, in other words, to let a gravel road get out or remain out of repair, is not an indictable offence under any law of this State; but the penalty is only the forfeiture of the franchises and the right to collect tolls.

The tenth section of the act under which this company was organized reads thus:

" If any such road, after its completion, or any part thereof, shall be suffered to be out of repair so as to be impassable for the space of one year, unless when the same is repairing, said company shall be liable to be proceeded against by *quo warranto;* and if such company shall suffer the road to be out of repair to the hindrance or delay of travellers for any unreasonable length of time, they shall have no right to collect tolls thereon until the same is repaired."

It would be strange, indeed, if such a company, having found its investment not only worthless but ruinous, had not the right to abandon the road, and forfeit its franchises and right to collect tolls. If an indictment can be sustained in this case, it is tantamount to saying, a charter having been accepted and the road constructed under it, the corporators are bound to preserve and keep it up forever. Such could not, in our opinion, have been the intention, and surely it is not the words, of the legislature.

The judgment is reversed, with instructions to sustain the motion to quash the indictment.